IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-189C |
| v. | ) | (Judge Lettow) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. The second sentence of paragraph 4

contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by Task Order No. 35, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the March 16, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear to which time period plaintiff is referring. Denies the allegations contained in the second sentence

of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear to which time period plaintiff is referring. Denies that the illustrations below paragraph 10 are excerpts from any drawing issued or created by the National Park Service.

11. Admits the allegations contained in paragraph 11 to the extent supported by the November 2003 drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11. Denies that the illustration below paragraph 11 is an excerpt from any drawing issued or created by the National Park Service.

12. Denies the allegation contained in the first sentence of paragraph 12 that the National Park Service "radically" changed the design for the area; admits the remaining allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the June 22, 2005 design sketch cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 12. Avers that no design sketch dated June 22, 2005 was issued or created by the National Park Service. Admits the allegations contained in the third sentence of paragraph 12 that by letter dated July 21, 2005, the Park Service's on-site representative Alpha Corporation revised the sketch to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 12 that by letter dated July 21, 2005, the Park Service's on-site representative Alpha Corporation revised the sketch. Denies the remaining allegations contained in the third sentence of paragraph 12. Denies that the illustration below paragraph 12 is an excerpt from any drawing or sketch issued or created by the National Park Service or Alpha Corporation, or accurately

represents any drawing or sketch issued or created by the National Park Service or Alpha Corporation.

13. Admits the allegations contained in the first sentence of paragraph 13 that Modification No. 7 to Task Order No. 35 provided compensation for the new sidewalks and landscape area; denies the remaining allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13. Admits the allegation contained in the footnote following sentence two of paragraph 13 that Modification No. 9 provided compensation for digging test pits; denies the remaining allegations contained in the footnote following sentence two of paragraph 13. Denies that the illustration below paragraph 13 is an excerpt from any drawing issued or created by the National Park Service, or accurately depicts conditions or work performed on the project.

14. The allegations contained in paragraph 14 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegation contained in paragraph 15 that Grunley-Walsh requested a contracting officer's final decision on January 12, 2007, to the extent supported by the letter at Exhibit C to Grunley-Walsh's complaint, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 15 that Grunley-Walsh requested a contracting officer's final decision on January 16, 2007. The remaining allegations contained in paragraph 15 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law, and

plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Defendant's responses to paragraphs 1 through 16 of the complaint are incorporated by reference.

18. The allegations contained in paragraph 18 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 20, or to any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

23. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

24. Plaintiff’s claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

May 21, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 21st$^{th}$ day of May 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle